**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio-Nikolas Cuevas, | No. CV-23-00702-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Westlake Financial Services, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed without leave to amend.

**I.     Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**II.     The Complaint**

Plaintiff sues Westlake Financial Services, designated in the complaint as a "financial institution," Summit Recovery Services, Inc., a "debt collector," and Autosavy of Gilbert, a "dealership." (Doc. 1 at 2.)

The "facts" alleged by Plaintiff in the "Statement of Claim" section of the pro se complaint form, in their entirety, are as follows:

> They stole my property using deceptive means to collect, they invaded into my privacy and showed up to my place of abode without my knowledge.

(*Id.* at 4.) Additional "facts" appear to be included in the "Relief" section of the pro se form:

> First and foremost the contract was not clearly nor conspicuously disclosed, they deceived me into signing something unknowingly that I was giving away security interest, I then resent the contract exercising my right to rescind. They got a 3rd party debt collector to come seize the automobile from my place of abode unknowingly. I used that vehicle to take my disabled brother to appointments. They also ruined my reputation in my neighborhood as it's embarrassing that they showed up unannounced. They have caused me mental and financial hardship and distress.

(*Id.* at 5.)

As to relief, Plaintiff seeks $150,000 in damages. (*Id.*)

### III. Analysis

Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, there is no way to determine what causes of action are being raised, for what conduct.

Liberally construing the complaint, it appears that Plaintiff entered into a contract in which he "unknowingly" gave a "security interest"—although it does not state who the parties to the contract were, when the contract was signed, what the terms of the contract were, what the security interest was, or how he was "deceived" into giving a security interest without realizing he was doing so. There are three named Defendants in this action, but Plaintiff uses the word "they" without specifically identifying which Defendant did what (and when) and why Plaintiff believes that each Defendant is liable (that is, that each Defendant did something that could form the basis of a civil action).

This is not the first action Plaintiff has filed based on the events described in the complaint. On November 10, 2022, Plaintiff filed an action, pro se and in forma pauperis, against the same three Defendants. *Cuevas v. Westlake Financial Services et al*, 2:22-cv-01918-DWL ("*Cuevas I*"). The Court screened the complaint and dismissed it with leave to amend, explaining the dismissal as follows:

> Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the statement of the claim is a combination of factual allegations that lack clarity and context (for example, "there is a finance charge but Autosany insisted it was mandatory to get insurance which thats [sic] included in the finance charge") and conclusory statements without a factual basis (for example, stating that a Defendant "deceived" Plaintiff and "misused" his credit). In short, it is impossible to discern what happened. There is no way to determine what causes of action are being raised, against which defendants, for what conduct.

(*Cuevas I*, Doc. 6 at 3.)

Plaintiff did not file an amended complaint, and therefore the action was terminated. (*Cuevas I*, Doc. 7.)

Here, there is once again no way to determine what causes of action are being raised, against which defendants, for what conduct.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Under the circumstances, in which Plaintiff's earlier action was dismissed for failure to allege facts that give rise to discernable claims, and the present action fails in the same manner, it is absolutely clear that Plaintiff cannot cure the deficiencies of the complaint by amendment. In essence, this action is a much-belated amendment of the complaint in the earlier action, but the same deficiencies remain. Granting leave to amend once more would be futile. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

…

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** without leave to amend. The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 27th day of April, 2023.

Dominic W. Lanza
United States District Judge